JOAN BERNARD ARMSTRONG, Chief Judge.
 

 |,The plaintiff-appellant, Kelly Pepper-man Moniz, appeals the summary judgment dismissal of her claim against the defendant-appellee, Progressive Secui'ity Insurance Company (“Progressive”), for uninsured motorist coverage under a policy issued by Progressive. The trial court found that the Progressive policy provided no uninsured motorist coverage for the plaintiff under the facts of the case.
 

 On January 28, 2007, the plaintiff allegedly suffered personal injuries as a passenger in her mother’s vehicle when it was involved in an accident with a vehicle driven by the defendant, Louis J. Daverede, III. However, the only issue raised in this appeal is the plaintiffs claim for uninsured motorist coverage under the Progressive policy.
 

 The facts are basically undisputed. The declarations page of the policy contained a section entitled in boldface: “Drivers and household residents.” Kelly Falgout III is listed as the “Named insured” on the first line under that heading. The name of the plaintiff, “Kelly Pepperman,” appears on the next line, or as the plaintiff states in her brief: “Falgout is the only
 
 [1]
 
 “named insured” on the ^policy, however, Moniz’s name appears directly underneath Falg-out’s name on the policy as a driver and household resident.”
 

 Two vehicles are listed on the declarations page, neither of which was involved in this accident.
 

 In Part III of the policy (throughout the policy terms set forth in boldface are terms of art for which definitions for policy purposes are specifically provided) uninsured/underinsured motorist coverage is provided “for damages which an insured person is legally entitled to recover from
 
 *1029
 
 the owner of an uninsured motor vehicle because of bodily injury: 1. sustained by an insured person; ...” [Emphasis original.]
 

 “Insured person” is defined as:
 

 a. you or a relative;
 

 b. any person occupying a covered vehicle;
 

 c. any person occupying a private passenger automobile not owned by you which is:
 

 (i) rented to you; or
 

 (ii) loaned to you as a substitute for a covered vehicle....
 

 d. any person who is entitled to recover damages covered by this Part III because of bodily injury sustained by a person described in a, b, or c above.
 

 [Emphasis original throughout.]
 

 The plaintiff admits that while they shared a common residence, she is not related to the only named insured, Kelly Falgout, III. It is undisputed that none of the vehicles involved in the accident were “covered vehicles” as that term is defined in the policy. The General Definitions section of the policy are found at the beginning of the policy immediately preceding “Part I — Liability to Others.” As the name implies, the General Definitions are generally applicable to the policy. Two definitions of “you” are provided:
 

 |sa. a person or persons shown as a named insured on the Declarations Page; and
 

 b. the spouse of a named insured if residing in the same household.
 

 The plaintiff does not fit either of these definitions of “you.” She admits in her brief that she is not specifically labeled as a “named insured” on the declarations page, and while she did reside in the same household as the named insured, she admits that she is not his spouse or otherwise related to him by blood, marriage or adoption.
 

 However, the plaintiff contends that because her name appeared on the declarations page of the policy under the category of “Drivers and household residents”, she was reasonably led to believe that she was covered, in effect a detrimental reliance argument. She argues that by showing her name under “Drivers and household residents”, the policy creates an ambiguity as to whether she is covered, which in turn creates a genuine issue of material fact sufficient to warrant reversing the summary judgment granted in favor of Progressive.
 

 In support of her opposition to Progressive’s motion for summary judgment in the trial court, the plaintiff offered the affidavit of insurance expert, Haig, G. Neville, CLU, CPCU, who opined that the Progressive policy “is ambiguous and that a lay person who receives and reviews this declarations page would absolutely be led to believe that he or she is covered and insured under the Progressive automobile liability policy at issue ...” However, Mr. Haig restricts his comments to the declarations page and he makes no mention of the uninsured/underinsured motorist coverage language of the policy or any other provisions in the policy other than the declarations page. In other words, he fails to point to any specific |4provision of the policy that would provide uninsured motorist coverage for the plaintiff under the facts of this case.
 

 The plaintiff also offers the affidavit of her insurance agent, Cynthia A. Ferrara, who attested to the fact that she listed both Mr. Falgout and the plaintiff as “Drivers and household residents” as she knew that they lived in the same household. Ms. Ferrara also attested to the fact that the premium amount was based upon
 
 *1030
 
 both vehicles and both drivers named on the policy. She further attested to the fact that based on her familiarity with Progressive’s underwriting rules, that the plaintiff is covered under the policy because she is listed as a named driver. However, she, too, fails to point to any provision in the policy that could be read in a manner providing any form of coverage to the plaintiff as merely a “listed driver.”
 

 These factors all seem to favor Progressive. However, all of this avoids the question: Why is the plaintiffs name shown on the declarations page of the policy if she is to be treated as a third party stranger to the policy? We have reviewed the policy in depth and can find nothing that would explain why the plaintiffs name would appear on the declarations page if she was not intended to be an insured. Progressive has offered no explanation outside of the policy. Additionally, Progressive to date has not denied the assertion made in Ms. Ferrara’s affidavit that the premium was based in part on the fact that the plaintiff would be a driver under the policy in addition to Mr. Falgout. Therefore,- we find that the appearance of the plaintiffs name on the declarations page in the absence of any countervailing explanation from Progressive creates an ambiguity on the face of the record sufficient to warrant the reversal of the summary judgment.
 

 15For the foregoing reasons, we vacate the judgment of the trial court and remand to the trial court for further proceedings.
 

 VACATED AND REMANDED.
 

 [1]
 

 . Emphasis added.